# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2013**

E-Filing Number: 1309047204

**003526**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>NEAL HEIMBACH | **DEFENDANT'S NAME**<br>AMAZON.COM, INC. |
| **PLAINTIFF'S ADDRESS**<br>4045 FISH HATCHERY ROAD<br>ALLENTOWN PA 18103 | **DEFENDANT'S ADDRESS**<br>410 TERRY AVENUE NORTH<br>SEATTLE WA 98109 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>AMAZON.COM.DEDC, LLC |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>410 TERRY AVENUE NORTH<br>SEATTLE WA 98109 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>AMAZON.COM DEDC, INC. |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>410 TERRY AVENUE NORTH<br>SEATTLE WA 98109 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[ ] Non-Jury<br>[X] Other: CLASS ACTION | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**
C1 - CLASS ACTION

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
SEP 27 2013
S. GARRETT

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES    NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: NEAL HEIMBACH

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>R. ANDREW SANTILLO | ADDRESS<br>WINEBRAKE & SANTILLO, LLC<br>TWINING OFFICE CENTER<br>715 TWINING ROAD, SUITE 211<br>DRESHER PA 19025 |
|---|---|
| PHONE NUMBER<br>(215)884-2491 | FAX NUMBER<br>(215)884-2492 |
| SUPREME COURT IDENTIFICATION NO.<br>93041 | E-MAIL ADDRESS<br>asantillo@winebrakelaw.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>R. ANDREW SANTILLO | DATE SUBMITTED<br>Friday, September 27, 2013, 04:09 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**
1. INTEGRITY STAFFING SOLUTIONS, INC.
   ALIAS: ISS STAFFING SOLUTIONS
   750 SHIPYARD DRIVE SUITE 300
   WILMINGTON DE 19801
2. AMAZON.COM DEDC, INC.
   410 TERRY AVENUE NORTH
   SEATTLE WA 98109
3. AMAZON.COM.DEDC, LLC
   410 TERRY AVENUE NORTH
   SEATTLE WA 98109
4. AMAZON.COM, INC.
   410 TERRY AVENUE NORTH
   SEATTLE WA 98109

Peter Winebrake, Esq. (Attorney ID No. 80496)
R. Andrew Santillo, Esq. (Attorney ID No. 93041)
Mark J. Gottesfeld, Esq. (Attorney ID No. 307752)
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491

*Attorneys for Plaintiff (additional counsel listed on signature page)*

*Filed and Attested by*
*PROTHONOTARY*
*27 SEP 2013 04:09 pm*
*S. GARRETT*

| | |
|---|---|
| NEAL HEIMBACH, on behalf of himself and others similarly situated, | : <br> : <br> : PHILADELPHIA COUNTY <br> : COURT OF COMMON PLEAS <br> : <br> : CLASS ACTION <br> : <br> : NON-JURY TRIAL <br> : <br> : <br> : <br> : |
| Plaintiff, | |
| v. | |
| AMAZON.COM, INC., AMAZON.COM.DEDC, LLC, AMAZON.COM DEDC, INC. and INTEGRITY STAFFING SOLUTIONS, INC., | |
| Defendants. | |

## COMPLAINT -- CLASS ACTION
### 1O — Contract: Other

**NOTICE**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania  19107
(215) 238-1701

**AVISO**

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus  defenses o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demandaen contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidira favor del demandante y require que usted cumplacon todas las provisiones de esta demanda.  Usted puede perder dinero o sus propriedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATA-MENTE SI NO TIENEABOGADO O SI NO TIENE EL DINERO SUFFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONOA LA OFFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania  19107
(215) 238-1701

Case ID: 130903526

Plaintiff Neal Heimbach ("Plaintiff") brings this class action lawsuit against Defendants Amazon.com, Inc., Amazon.com.DEDC, LLC, Amazon.com DEDC, Inc. and Integrity Staffing Solutions, Inc. (collectively "Defendants"), seeking all available relief under the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§333.101, *et seq.* The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## PARTIES

1. Plaintiff is an individual residing at 4045 Fish Hatchery Road, Allentown, Pennsylvania 18103.

2. Plaintiff is an employee covered by the PMWA and entitled to its protections.

3. Defendant Amazon.com, Inc. is a Delaware corporation with a principal office located at 410 Terry Avenue North, Seattle, Washington 98109.

4. Defendant Amazon.com.DEDC, LLC is a Delaware corporation registered to do business in the Commonwealth of Pennsylvania with a principal office located at 410 Terry Avenue North, Seattle, Washington 98109.

5. Defendant Amazon.com DEDC, Inc. is a company registered to do business in the Commonwealth of Pennsylvania and maintaining a principal office located at 410 Terry Avenue North, Seattle, Washington 98109.

6. Defendant Integrity Staffing Solutions, Inc. is a Delaware corporation registered to do business in the Commonwealth of Pennsylvania and doing business as "ISS Staffing Solutions" with a principal office located at 750 Shipyard Drive, Suite 300, Wilmington, Delaware 19801.

7. Defendants are each employers covered by the PMWA and required to comply

Case ID: 130903526

with its wage and hour mandates.

## JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Defendants.

9. Venue in this Court is proper under Pennsylvania Rules of Civil Procedure 1006 and 2179 because Defendants regularly conduct business in Philadelphia County. *See Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 971 (Pa. Super. 2009). This includes, *inter alia*, the shipping of merchandise from Defendants' various logistics facility/fulfillment centers to residents of Philadelphia County. Upon information and belief, Defendants have shipped merchandise to Philadelphia County residents from their logistics facility/fulfillment center located in Breinigsville, Pennsylvania.

## FACTS

10. Defendants jointly operate an approximately 600,000 square foot logistics facility/fulfillment center located in Breinigsville, Pennsylvania (the "Amazon Fulfillment Center").

11. Plaintiff worked at the Amazon Fulfillment Center from approximately August 2010 until April 2013. Plaintiff has not worked at the Amazon Fulfillment Center since April 2013 due to a workplace injury.

12. Defendants jointly employ individuals at the Amazon Fulfillment Center who are paid on an hourly basis and perform tasks related to the merchandise stored and eventually shipped to customers from the Amazon Fulfillment Center. These tasks include, *inter alia*, receiving deliveries of merchandise; transporting merchandise to its appropriate location within the facility; "picking" purchased merchandise from its storage location, and processing merchandise for shipping. These individuals, including Plaintiff, are referred to herein as

3

"Warehouse Workers."

13. The hourly-paid Warehouse Workers at the Amazon Fulfillment Center are jointly employed by Defendants, are under the common control of Defendants, and perform work that simultaneously benefits Defendants.

14. Defendants employ over 100 individual Warehouse Workers at the Amazon Fulfillment Center who are not exempt from the PMWA's wage and hour requirements.

15. Throughout their employment, Plaintiff and the Warehouse Workers regularly work over 40 hours per workweek.

16. Defendants require the hourly-paid Warehouse Workers to "clock in" at time clocks by the beginning of their scheduled shifts and to "clock out" at the same time clocks at the end of their scheduled shifts.

17. Defendants pay these employees for all time worked between clock in and clock out, minus a 30-minute break.

18. However, Defendants do not pay Warehouse Workers for all time that Warehouse Workers are required by Defendants to be on the premises of the Amazon Fulfillment Center.

19. *After* clocking out and following the conclusion of their paid shifts, Defendants require Warehouse Workers to proceed through a mandatory screening process prior to exiting the Amazon Fulfillment Center.

20. As part of this mandatory, post-shift, screening process, Warehouse Workers must wait in lines leading up to the security screening areas near the exits of the Amazon Fulfillment Center.

21. Once each Warehouse Worker reaches the security screening area, they must proceed through a metal detector.

Case ID: 130903526

22. If the metal detector's alarm sounds a security guard individually searches the Warehouse Worker using a metal detecting wand.

23. During the mandatory screening process, security guards inspect any bags or personal items the employee is carrying.

24. Defendants do not allow a Warehouse Worker to leave the Amazon Fulfillment Center until he/she has successfully proceeded through the screening process and have had any bags/personal items searched.

25. Defendants' mandatory, post-shift, screening process routinely takes up to between 10 and 20 minutes for Warehouse Workers to complete, and with delays it can last longer.

26. Defendants have never paid Warehouse Workers for time spent proceeding through this required post-shift screening process prior to exiting the Amazon Fulfillment Center.

27. As a result of the compensation practice utilized by Defendants, Warehouse Workers are not compensated for all time during which they were required to be on the premises of the Amazon Fulfillment Center.

28. Defendants have implemented this mandatory, post-shift, screening process to prevent and reduce the theft of the merchandise from the Amazon Fulfillment Center

29. Defendants' mandatory, post-shift, screening process is solely for the benefit of Defendants and not for the benefit or convenience of the Warehouse Workers.

30. In addition, Defendants automatically deduct 30 minutes from Warehouse Workers' compensable time each shift for a purported meal break.

31. However, Warehouse Workers are required by Defendants to perform work

Case ID: 130903526

during this unpaid break.

32. Specifically, Defendants require Warehouse Workers to remain at their work locations until the start of their purported 30-minute meal periods.

33. At the start of the 30-minute unpaid period, Warehouse Workers walk to the Amazon Fulfillment Center's time clocks to clock out, which can take several minutes.

34. Then, to access the employee break room or to exit the Amazon Fulfillment Center, Warehouse Workers are required to proceed through the same mandatory screening process described in paragraphs 19 through 29 above.

35. Defendants' mandatory screening process during the unpaid 30-minute break routinely takes 7 to 10 minutes for Warehouse Workers to complete, and with delays it can last longer.

36. Similar to the end of each shift, Defendants' mandatory screening process during the unpaid 30-minute break is an attempt by Defendants to prevent and/or reduce employee theft at the Amazon Fulfillment Center.

37. Defendants' mandatory screening process during the unpaid 30-minute break is solely for the benefit of Defendants and not for the benefit or convenience of the Warehouse Workers.

38. By failing to pay the Warehouse Workers for all compensable time and failing to pay them the legally mandated overtime premium for all hours worked over 40 in a workweek, Defendant has acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action on behalf of himself and a class of all Warehouse

Workers at the Amazon Fulfillment Center who, during any workweek since September 27, 2010, have been required by Defendants to proceed through the screening process described in paragraphs 19 to 37 above without receiving compensation for such time (the "Class").

40. This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709.

41. The Class is so numerous that joinder of all individual members is impracticable, and members of the Class are objectively ascertainable based on payroll data maintained or controlled by Defendants.

42. Defendants' conduct with respect to Plaintiff and the Class raises questions of law or fact that are common to the entire class. In particular, during the relevant class period, Defendants failed to compensate the Class for time spent proceeding through Defendants' mandatory screening process at the Amazon Fulfillment Center. The facts and evidence pertaining to this practice are common to the class.

43. Plaintiff's claims and Defendants' corresponding defenses are typical of the claims or defenses applicable to the entire Class because, *inter alia*, all claims are based on the same legal theories and remedies. Furthermore, Plaintiff's assertion that Defendants violated the PMWA by failing to compensate him and the Class for all time required by Defendants to be on the premises of the Amazon Fulfillment Center is sufficiently aligned with the interests of the class as a whole so that pursuit of Plaintiff's own interests will benefit the Class as a whole.

44. Plaintiff will fairly and adequately assert and protect the interests of the Class because, *inter alia*, (a) Plaintiff is represented by experienced class action counsel who is well-prepared to vigorously and competently litigate this action on behalf of the Class; (b) Plaintiff and his counsel are free of any conflicts of interest that prevent them from pursuing this action

on behalf of the Class; and (c) Plaintiff and his counsel have adequate financial resources to assure that the interests of the class will not be harmed.

45. A class action provides a fair and efficient method for adjudication of the controversy because, *inter alia*,

    (a) The previously mentioned common questions of law and fact predominate over any questions affecting Plaintiff or any individual Class member;

    (b) All Class members are easily identifiable through Defendants' records and computer files, and no foreseeable difficulties in the management of this action as a class action exist;

    (c) The monetary damages sought on behalf of the Class are readily calculated and attributable to Class members;

    (d) The injunctive relief sought on behalf of the Class is easily administered and enforceable;

    (e) Maintenance of the instant litigation as a class action protects against the risks of inconsistent or varying adjudications that might result if individual Class members were to commence independent actions in various courthouses throughout the Commonwealth;

    (f) Because Defendant conducts a substantial amount of business in Philadelphia County, this Court is an appropriate forum for the litigation of the claims of the entire class;

    (g) The complexities of the issues and the expense of litigating the separate claims of individual class members weigh in favor of class certification.

For example, in the instant action, Plaintiff will seek and present evidence concerning, *inter alia*, Defendants' common timekeeping, compensation, and payroll practices. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive. The class action device, when compared to multiple proceedings, presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency. Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each class member, and meets all due process requirements as to fairness to Defendants. Adequate notice of this class action can be provided to Class members by hand distribution and/or direct mail; and

(h) Because the damages sustained by individual Class members are relatively small compared to the resources of Defendants and the costs of individual litigation, it is impracticable and unrealistic for individual class members to independently pursue litigation against Defendants in order to vindicate their rights.

## **COUNT I**

46. All previous paragraphs are incorporated as though fully set forth herein.

47. Defendants are employers covered by the PMWA's mandates.

48. Plaintiff and other Class members are employees entitled to the PMWA's

protections.

49. The PMWA entitles employees to compensation for "all hours worked" in a workweek. *See* 43 P.S. § 333.104(a).

50. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

51. Regulations promulgated in support of the PMWA define "Hours Worked" to include "time during which an employee is required by the employer to be on the premises of the employer, to be on duty or to be at the prescribed work place, time spent in traveling as part of the duties of the employee during normal working hours and time during which an employee is employed or permitted to work; provided, however, that time allowed for meals shall be excluded unless the employee is required or permitted to work during that time, and provided further, that time spent on the premises of the employer for the convenience of the employee shall be excluded." 34 Pa. Code §231.1.

52. As described herein, Defendants have violated the PMWA with respect to Plaintiff and the Class by, *inter alia*, failing to compensate them for all hours worked both after their paid shifts and during their unpaid 30 minute break, *see* 34 Pa. Code §231.1; *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963 (Pa. Super. Ct. 2009), and failing to pay them the legally mandated overtime premium for such work on those occasions where their work exceeded 40 hours in a workweek.

53. In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly applicable PMWA provisions.

Case ID: 130903526

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, seeks the following relief:

A. An injunction prohibiting Defendants from engaging in future PMWA violations;

B. Unpaid overtime wages to the fullest extent permitted under the law;

C. Prejudgment interest to the fullest extent permitted under the law;

D. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

E. Such other and further relief as this Court deems just and proper.

Date: September 27, 2013

/s/ R. Andrew Santillo
Peter Winebrake (PA Attorney No. 80496)
R. Andrew Santillo (PA Attorney No. 93041)
Mark J. Gottesfeld (PA Attorney No. 307752)
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone: (215) 884-2491

Jerry E. Martin*
David W. Garrison*
Scott P. Tift*
Seth M. Hyatt*
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, TN 37201
Phone: (615) 244-2202

*pro hac vice admission anticipated

*Attorneys for Plaintiff*

## VERIFICATION

I, NEAL HEIMBACH, hereby state:

1. I am a plaintiff in this action;

2. I verify that the statements made in the foregoing document, entitled "COMPLAINT – CLASS ACTION," are true and correct to the best of my knowledge information and belief; and

3. I understand that the statements in the document are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Dated: 9-27-13

Signature

Case ID: 130903526