UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

IN RE: AMAZON.COM, INC., FULFILLMENT CENTER FAIR LABOR STANDARDS ACT (FLSA) and WAGE AND HOUR LITIGATION

Master File No. 14-MD-2504　　　　　　　　　　JUDGE DAVID J. HALE
MDL No. 2504

THIS DOCUMENT RELATES TO:
　　*Heimbach et al. v. Amazon.com, Inc. et al.,* Case No. 3:14-cv-204-DJH

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND OPPOSITION TO PLAINTIFFS' MOTION TO STAY SUMMARY JUDGMENT PROCEEDINGS**

　　Defendants Amazon.com, Inc., Amazon.com.DEDC, LLC and Integrity Staffing Solutions, Inc. (collectively, "Defendants") hereby oppose Plaintiffs' Motion to Stay Summary Judgment Proceedings and reply in support of their Motion to Stay Class Certification Proceedings.

**I.　　PRELIMINARY STATEMENT**

　　Defendants showed that the Court should resolve the pending motion for summary judgment first, and nothing in Plaintiff's opposition warrants a different result:

- There is no "general rule" to consider class certification before summary judgment. Indeed, the case law cited by Plaintiff relies on a former version of Rule 23 which has since been amended to relax the timing requirement they cite – in part to allow the defendant to "win dismissal or summary judgment as to the individual plaintiffs without certification" (Fed. R. Civ. P. 23, Notes, ¶1);

1

- Courts routinely address summary judgment before class certification, especially where, as here, the summary judgment motion is already pending and ripe and the outstanding discovery bears on class certification, not summary judgment.

- Resolution of the motion for summary judgment will render the motion for class certification moot or, at the very least, inform the Court's decision on whether individualized issues preclude class treatment. Today's ruling in the related *Vance* case demonstrates how inefficient it would be for the Court to decide class certification before addressing the merits on summary judgment.

- A summary judgment decision adverse to the named Plaintiffs will impact the claims of future plaintiffs, contrary to Plaintiffs' arguments.

- Having heard oral argument in and decided the related *Vance* case, this Court is best situated to rule on summary judgment.

- This case turns whether passing through security screening is compensable time. Resolution of this discrete issue first will avoid the potentially unnecessary time and expense of further briefing on class certification and the harm to Defendants were notice to be issued prematurely to the class.

In short, Plaintiffs present no meaningful justification for class certification to proceed prior to a possible dispositive ruling based on Defendants' pending Motion for Summary Judgment.

## II. ARGUMENT

### A. CONTRARY TO PLAINTIFFS' UNSUPPORTED ALLEGATIONS, THERE IS NO GENERAL RULE THAT CLASS CERTIFICATION SHOULD BE DECIDED BEFORE SUMMARY JUDGMENT.

Plaintiffs contend primarily there is a "general rule" that class certification should be decided before summary judgment. *Heimbach* Dkt. 65 at p. 1. However, their only real support for such an argument is a citation to Fed. R. Civ. P. 23(c)(1)(A) noting that the court must determine whether to certify a class action "[a]t an early practicable time." In so arguing, however, Plaintiffs ignore that Rule 23 previously required a decision on class certification "[a]s soon as practicable after the commencement of an action brought as a class action." As of December 1, 2003, however, Rule 23 was amended to relax the timing requirement and now provides that the court should resolve class certification "at an early practicable time." Notably, the official comments to this rule also recognize that a reason for deferring the certification decision may be to allow the defendant an opportunity to "**win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified.**" *See* Fed. R. Civ. P. 23, *Advisory Committee Notes*, 2003 Amendment, Paragraph (1) (emphasis added).[1]

In addition, this argument ignores that Plaintiffs have had years to move for class certification since this matter was first filed and many months to do so since the discovery stay order was lifted in Pennsylvania. Indeed, Plaintiffs' last indication to Defendants regarding class certification was that they wished to conduct further discovery relating to class certification issues – in particular, deposing members of Defendants' loss prevention department. Defendants were therefore reasonably awaiting Plaintiffs' request to reschedule those depositions (after

---

[1] Furthermore, the Western District of Kentucky – in contrast to numerous other jurisdictions – has not adopted a firm deadline by which a motion for class certification must be submitted.

3

further paper discovery had been completed) instead of engaging in further motion practice, when Plaintiffs filed their ambush class certification motion. Indeed, it is not even clear that Plaintiffs' class certification motion is ripe for disposition given that Plaintiffs only recently – after filing their class certification motion – have sought dates to complete depositions of Defendants' loss prevention department.

Even if there were a "general rule" to consider class certification before summary judgment – which there is not – such rule clearly has no application where, as here, a motion for summary judgment is pending and ripe for disposition. As noted in Defendants' opening brief (and unrefuted by Plaintiffs), courts routinely address motions for summary judgment before class certification. *See S & M Homes, LLC v. Chicago Title Ins. Co.*, 623 F. App'x 722 (6th Cir. 2015) (affirming grant of defendant's motion for summary judgment and consequently dismissing as moot plaintiff's motion to certify a class of individuals who had sought a title-insurance policy from defendant); *Thompson v. County of Medina, Ohio*, 29 F.3d 238 (6th Cir. 1994) (affirming summary judgment and rejecting argument that lower court erred in ruling on defendants' motion for summary judgment before addressing plaintiffs' motion for class certification); *Gilmerr v. Pierce*, 863 F.2d 883 (6th Cir. 1988) (same); *Rece v. Dominion Homes, Inc.*, No. 07AP-295, 2008 WL 73707, at *3 (Oh. App. Ct. Jan. 8, 2008) (affirming summary judgment stating that "a court may defer a class certification question until after deciding the defendant's motion for summary judgment thus winnowing out substantively deficient class-actions, prior to certification") (internal quotation omitted); *Kehoe v. Fidelity Fed. Bank & Trust*, 421 F.3d 1209 (11th Cir. 2005) (entering summary judgment prior to considering class certification because plaintiff had failed to show any actual damages); *see also Heimbach* Dkt. 63-1 at p. 8 (citing additional cases).

4

In fact, several of the cases Plaintiffs cite actually support ruling on summary judgment in this matter before the Court addresses the motion for class certification. For instance, in *Thomas v. UBS AG*, 706 F.3d 846 (7th Cir. 2013), Judge Posner explained that:

> [D]eciding whether to certify a class can take a long time. Rule 23(c)(1)(A) requires that the decision be made at "an early practicable time," but early is often not practicable. So when as in this case the suit can quickly be shown to be groundless, it may make sense for the district court to skip certification and proceed directly to the merits.

*Id.* at 849. Similarly, in *Chavez v. Illinois State Police*, 251 F.3d 612 (7th Cir. 2001), the Seventh Circuit explained that if class certification is only possible "after a case is already 'ripe for summary judgment' then it might be proper for a judge to consider a motion for summary judgment prior to considering a motion for class certification." *Id.* at 629-30.

The other cases cited by Plaintiffs in support of their "general rule" pre-date the 2003 amendment to relax the filing deadline for class certification under Rule 23 and otherwise are inapposite. In *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374 (11th Cir. 1998), the court noted simply that Rule 23 "counsels early determination of motions for class certification" and that "motions to certify are filed, on average, within three to four months after the filing of an action, and the motions are ruled upon, on average, within three to eight months." *Id.* at 1389. The fact that Plaintiffs waited well beyond the average time for filing a motion for class certification should not now be used as a sword to prevent a ruling on Defendants' ripe motion for summary judgment. Likewise, in *Kerkhof v. MCI Worldcom, Inc.*, 282 F.3d 44 (1st Cir. 2002), the court addressed whether it would be proper to allow amendment of a complaint to add class actions, and certify such a class, after the *plaintiff* had obtained a judgment on the merits – which the court refused to do because "[s]uch a delay in adding class allegations deprives a defendant of fair warning as to the true stakes and, by eliminating mutuality, leaves the

5

defendant liable on class claims (if he loses the summary judgment motion) without protecting him (if he wins)." *Id.* at 54-55. Such a scenario is obviously not applicable in the present matter. And in the last case Plaintiffs cite for their alleged "general rule," *Mathers v. Northshore Mining Co.*, 217 F.R.D. 474 (D. Minn. 2003)[2], the court in fact addressed motions for class certification and summary judgment *simultaneously* at the beginning of the case. *Id.* at 489-90.

Plaintiffs also argue that the trial court judge cannot consider the merits of representative action claims in assessing questions of certification, citing *Rikos v. Proctor & Gamble Co.*, 799 F.3d 497, 505 (6th Cir. 2015). *Heimbach* Dkt. 65 at p. 2. However, the court in *Rikos* merely noted the proposition that merits questions may be considered if "they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* (quoting *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S.Ct. 1184, 1194–95 (2013)). This does not mean that this Court cannot or should not decide summary judgment before a motion for class certification, especially insofar as the disposition of this motion likely will shed light on whether or not this case involves too many individualized issues. Ultimately, the issue here is whether summary judgment is ripe – and it undisputedly is; so there is no meaningful reason to wait.[3]

---

[2] Like the other decisions addressed in this paragraph, this September 2003 decision predated the December 2003 amendment to Rule 23.

[3] Plaintiffs also note that in "*Amgen*, *Comcast*, and *Dukes*, class certification was decided before summary judgment or other merits determinations." Dkt. 181 at p. 3. This is irrelevant, as the issue of whether a motion for class certification or a motion for summary judgment should be decided first was not even presented in those cases.

6

> **B. PLAINTIFFS' CERTIFICATION MOTION SHOULD BE STAYED BECAUSE A GRANT OF SUMMARY JUDGMENT WILL RENDER CERTIFICATION AND NOTICE MOOT; FURTHER, EVEN IF SUMMARY JUDGMENT WERE DENIED, RESOLUTION THEREOF MAY HELP THE COURT ADDRESS WHETHER THIS CASE IS TOO INDIVIDUALIZED TO CERTIFY AS A CLASS ACTION.**

Defendants showed in their initial memorandum that ruling on summary judgment first may moot the class certification motion entirely. In opposition, Plaintiffs offer only their supposed "general rule" (which does not in fact exist – *see supra*). *Heimbach* Dkt. 65 at p. 3. Plaintiffs ignore the basic premise of the cases cited in Defendants' motion – *Holman v. Rock Financial Corp.*, 388 F.3d 930, 941 (6th Cir. 2004); *O'Neal v. Kilbourne Medical Laboratories, Inc.*, No. 05-50, 2007 WL 956428, at *7 (E.D. Ky. Mar. 28, 2007); *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 551 (E.D. Mich. 2004); and *Pacheco v. Boar's Head Provisions Co., Inc.*, 671 F. Supp. 2d 957, (W.D. Mich. 2009). All of these cases underscore that where a motion for summary judgment is ripe, it should be decided before a motion for class certification. There can be no disputing that disposition of the motion for summary judgment will have implications for the appropriateness of certification. Conversely, a premature decision on class certification will do nothing to resolve whether or not summary judgment is appropriate.

Plaintiffs likewise fail to refute other case law cited in Defendants' brief. They fail entirely to address *Murray v. Tyson Foods, Inc.*, 2009 WL 322241 (C.D. Ill. Feb. 9, 2009), in which the court dismissed a plaintiff's motion to certify class as moot and granted defendant's motion for summary judgment. And Plaintiffs' citation to *Cowen v. Bank United of Texas*, 70 F.3d 937, 941 (7th Cir. 1995), does not address the issue of what to do where summary judgment already is ripe. Plaintiffs do not suggest, which they cannot, that the issues in Defendants' motion for summary judgment have not been fully addressed through discovery. Finally, Plaintiffs' footnote regarding *Thompson v. County of Medina, Oh.*, 29 F.3d 238, 240-41 (6th Cir.

1994), does nothing to refute the fact that the court in that case affirmed the district court's granting a motion for summary judgment before ruling on a motion for Rule 23 class certification filed four months earlier.

Furthermore, while Defendants firmly believe that summary judgment should be granted as to the entirety of Plaintiffs' action, there is no denying that even if the Court denies summary judgment that its rationale could bear on the viability of Plaintiffs' class certification motion. For example – and while Defendants would disagree – it is reasonably anticipatable that Plaintiffs will argue – as they must – that there are fact questions that preclude summary judgment. Although there are none, if the Court disagrees and concludes that there remain fact questions, the Court's rationale may bear on whether those are individualized issues that bear upon class certification. Accordingly, allowing summary judgment to play out will – no matter how the Court decides it – inform the Court's judgment on class certification. In stark contrast, however, class certification disposition will not provide the Court with any insight as to the important issues on the pending summary judgment motion.

### C. STAYING PLAINTIFFS' CERTIFICATION MOTION WILL FOSTER JUDICIAL EFFICIENCY; STAYING DEFENDANTS' SUMMARY JUDGMENT MOTION WILL DO THE OPPOSITE.

Plaintiffs claim that addressing their class certification motion first would foster judicial efficiency because the Court's ruling on the summary judgment "will only impact the claims of Originating Plaintiffs Neil Heimbach and Karen Salasky.'" *Heimbach* Dkt. 65 at p. 4. In fact, the opposite is true. If Defendants' summary judgment motion is successful, there will be a *stare decisis* effect that will allow early dismissal of other putative plaintiffs. *See Katz v. Carte Blanche*, 496 F.2d 747, 759 (3d Cir. 1973), *cert. denied*, 419 U.S. 885 (1974). Further, if Plaintiffs were to succeed in opposing the summary judgment motion, there may be a collateral estoppel effect. *King v. South Cent. Bell Tel. and Tel. Co.*, 790 F.2d 524 (6th Cir. 1986) (holding

plaintiff's claim barred on res judicata grounds due to settlement of prior class action, noting that "[i]n the context of class actions, [res judicata] principles apply with equal and even greater force.").

Plaintiffs nonetheless contend that *Bowling v. Pfizer, Inc.*, 142 F.R.D. 302 (S.D. Ohio 1991) and *In re UnumProvident Corp. ERISA Benefits Denial Actions*, 245 F.R.D. 317 (E.D. Tenn. 2007), two unreported cases, stand for the proposition that judges in the Sixth Circuit have rejected attempts to obtain summary judgment before resolution of class certification motions for reasons of judicial efficiency. *Heimbach* Dkt. 65 at p. 5. Regardless of whether those decisions were "efficient," they do not stand for the proposition that such an approach would promote efficiency in *every* case (and in the present matter, it would do just the opposite). And both cases are easily distinguishable from the present matter. The two-page ruling in *Bowling* occurred only eight months into the proceedings and the court specifically noted that it was ruling on the class certification motion to allow the parties to gauge the stakes of the action. 142 F.R.D. at 303. The present matter is far past a similar stage in the proceedings and the parties do not need class certification to "gauge the stakes." All parties are readily aware of the stakes involved. This case is part of an MDL, a sister case has been to the United States Supreme Court, and there has been a huge amount of data exchanged setting forth the absolute outside contours at issue. *UnumProvident Corp. ERISA Benefits Denial Actions*, was likewise decided early in the proceedings, 245 F.R.D. 317, n. 1, unlike the present matter.

    **D.    THERE ARE NO DISCOVERY MATTERS THAT NEED TO BE ADDRESSED BEFORE RESOLUTION OF DEFENDANTS' SUMMARY JUDGMENT MOTION.**

Plaintiffs contend that "summary judgment should be delayed so that all summary judgment issues can be resolved at one time after the completion of discovery." *Heimbach* Dkt. 65 at p. 6. However, there are no discovery matters remaining that would have an effect on

Defendants' motion for summary judgment. For instance, Plaintiffs claim that they only saw the "analysis" of Defendants' economist, Peter Nickerson, for the first time in summary judgment papers. *Id.* However, Plaintiffs have their own expert who has had access to and analyzed the exact same data upon which Dr. Nickerson based his analysis. Further, Dr. Nickerson did not present the views of an economist in his analysis and his deposition would add nothing to the relevant arguments. Rather, he simply organized, summarized, and presented facts from a large data set. Nor have Plaintiffs explained what they need from Dr. Nickerson to oppose summary judgment, let alone why they cannot get that from their own statistician, who has the same data set from which Dr. Nickerson prepared his charts.

Plaintiffs also contend that they intend to depose four "company witnesses" from Amazon's loss prevention department – whose depositions Plaintiffs had previously noticed and were scheduled to occur in December, but which Plaintiffs thereafter chose to postpone – and three to five "security guards with knowledge of Defendants' anti-theft practices." *Id*. This likewise bears not at all on the pending summary judgment motion.[4] These prospective witnesses have no knowledge that would add to the merits discovery and, in fact, deal exclusively with class certification issues. If anything, this underscores why class certification is premature as any testimony these witnesses can offer would only go to the issue of alleged commonality – not to the core merits issue that passing through security is not compensable time.

---

[4] As briefed in Defendants' Motion for Summary Judgment, *Heimbach* Dkt. 59-1, the basis for summary judgment is that "Plaintiffs cannot show that Pennsylvania defines 'hours worked' to include time spent going through security screening" and, "even if Plaintiffs otherwise had a viable claim under the PMWA for wages related to time spent in security screening, their particular claims still would fail because they have testified that the alleged activities underlying the Amended Complaint were *de minimis*." Both issues are completely unrelated to the remaining discovery Plaintiffs seek.

Plaintiffs also raise the issue of filing their own summary judgment motion at the close of discovery. *Heimbach* Dkt. 65 at p. 7. Plaintiffs, however, offer no basis for seeking summary judgment and do not explain why their arguments cannot be addressed in a response brief to Defendants' motion. Further, there is no reason to believe that Plaintiffs need to seek summary judgment at this time. If Defendants' arguments are successful at this time, they would likewise be successful at a later time when Plaintiffs would presumably file their own motion.[5] And further, absent any argument or suggestion to the contrary, it appears that Plaintiffs' only basis for seeking summary judgment would be the flip-side of Defendants' already pending argument.

### E. THIS COURT IS FULLY CAPABLE OF RESOLVING ISSUES OF PENNSYLVANIA LAW WITHOUT THE NEED TO REMAND THE ACTION.

Plaintiffs contend that the court "should retain the flexibility to remand this action to Pennsylvania for post-certification/post-discovery merits determinations that involve unresolved issues of Pennsylvania law." *Heimbach* Dkt. 65 at p. 7. This Court, having already heard oral argument in and decided the related *Vance* case – in which Plaintiffs' counsel referred to Pennsylvania law, both in their oral argument and post-hearing brief – fully understands and appreciates the legal issues attendant to its analysis. Plaintiffs have cited no public policy arguments that a particular local state judge could discern any better than this Court, which (based upon the experience delving deeply into the legal framework presented in the *Vance* case) is best situated to address the issue. Indeed, this is precisely one of the benefits of having such cases before the Judicial Panel on Multidistrict Litigation. A single court knows the overarching issues and does not have to reinvent the wheel every time a question is to be decided.

---

[5] While the rule against one-way intervention prevents a plaintiff from moving for class certification after achieving a favorable result, *see Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057-58 (7th Cir. 2016), it does not prohibit a defendant from seeking summary judgment to rid itself of that same lawsuit prior to class certification.

11

### F. DEFENDANTS FACE THE RISK OF GREATER HARM IF CLASS CERTIFICATION OCCURS BEFORE A RULING ON THEIR SUMMARY JUDGMENT MOTION.

Plaintiffs assert that the risks faced by Defendants can be made in every class action lawsuit. However, not every case involves a singular issue that can prevent those harms entirely. Where there is such a singular legal question that can be addressed and dealt with discretely – the question of whether passing through security screening is compensable time – the Court could easily prevent the harm that Defendants face from Plaintiffs' premature class certification motion. Plaintiffs discuss generalities in class action practice, but the specifics of this case are more important. Indeed, whose interests really are at stake – does it serve the purpose of the plaintiffs themselves or just their lawyers to have the Court postpone resolving the critical issue in this case? Is this about settlement leverage or is it about which party is right on the law? *See Katz*, 496 F.2d at 762 (recognizing that plaintiffs' counsel are the only individuals who are harmed by a postponement of certification, for they would be "deprived of . . . the additional settlement leverage which results from [collective treatment] . . . regardless of the merits" and that is "less than a legitimate use of a procedural device," the absence of which "must be tolerated in the interest of fairness"). Are they just concerned about having an adverse ruling that will further gut the remaining claims left after the *Busk* Supreme Court decision? How does waiting advance the interest of their clients, each of whom already has been deposed? If they are going to win, why would they want to wait to find out?

### III. CONCLUSION

For the reasons stated here and in their Motion to Stay Class Certification Proceedings, Defendants respectfully request that the Court reject Plaintiffs' Motion to Stay Summary Judgment Proceedings and stay any hearing on and any further briefing regarding Plaintiffs'

Certification Motion until after the Rule 56 Motion for Summary Judgment has been fully briefed, heard, and decided.

Respectfully submitted,

s:\ Joseph A. Nuccio

MORGAN, LEWIS & BOCKIUS LLP
Richard G. Rosenblatt
Joseph A. Nuccio (admitted *pro hac vice*)
502 Carnegie Center
Princeton, New Jersey 08540

DINSMORE & SHOHL LLP
Kathryn A. Quesenberry
101 S. Fifth Street, Suite 2500
Louisville, KY 40202

*Attorneys for Defendants Amazon.com, Inc.
and Amazon.com.DEDC, LLC*


s:\ Martha Keon (with permission)

LITTLER MENDELSON, P.C.
Martha Keon
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102

*Attorneys for Defendant
Integrity Staffing Solutions, Inc.*

13