UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE: AMAZON.COM, INC.,
FULFILLMENT CENTER FAIR LABOR
STANDARDS ACT (FLSA) AND
WAGE AND HOUR LITIGATION

Master File No. 3:14-md-2504-DJH
MDL Docket No. 2504

THIS DOCUMENT RELATES TO:
*Heimbach, et al., v. Amazon.com, Inc., et al.*,

Case No. 3:14-cv-204-DJH

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs Neal Heimbach and Karen Salasky bring this class-action lawsuit against Amazon.com, Inc., Amazon.com.DEDC, LLC (collectively, "Amazon"), and Integrity Staffing Solutions, Inc. ("Integrity") seeking compensation under the Pennsylvania Minimum Wage Act (PMWA) for time spent undergoing security screenings at the Amazon facility where they worked. Amazon has moved for summary judgment (Docket No. 59), and Integrity has moved to join in Amazon's motion. (D.N. 61) The defendants argue that the PMWA aligns with the United States Supreme Court's decision in *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 519 (2014), which held that time spent waiting for and undergoing security screenings is not compensable under the Fair Labor Standards Act (FLSA). (*See* D.N. 59-1, PageID # 1690, 1717) The plaintiffs disagree, arguing that *Busk* does not control here because the PMWA defines compensable work in accordance with traditional FLSA principles. (*See* D.N. 74, PageID # 1905, 1916) Having concluded that the *Busk* holding provides appropriate guidance, the Court will grant the defendants' motion for summary judgment.

**I.**

Plaintiffs worked at an Amazon warehouse in Breinigsville, Pennsylvania. (D.N. 74-2, PageID # 1949-50; D.N. 74-3, PageID # 1961-62) At the end of each work shift, Amazon required employees working at the warehouse to go through an anti-theft screening process. (D.N. 74-2, PageID # 1950; D.N. 74-3, PageID # 1962) According to Plaintiffs, the screening process generally took between ten and twenty minutes as workers waited to pass through a metal detector. (D.N. 74-2, PageID # 1951) Plaintiffs allege that they were not compensated for the time spent waiting for and going through the screening process, and they seek to recover unpaid wages for that time under the Pennsylvania Minimum Wage Act (PMWA). (*Id.*, PageID # 1951, 1955-56) Plaintiffs have moved to certify a class of all individuals who have been employed by Amazon or Integrity as hourly warehouse workers at the Breinigsville location since September 27, 2010. (D.N. 56)

The Supreme Court held in *Busk* that time spent passing through security clearance is not compensable under the FLSA. 135 S. Ct. at 519. Amazon seeks summary judgment on Plaintiffs' claims, arguing that such time is not compensable under the PMWA either. (D.N. 59-1, PageID # 1690-91) Integrity has moved to join Amazon's motion for summary judgment, asserting that the "reasoning, defenses and arguments asserted by Amazon . . . are wholly applicable" to Integrity. (D.N. 61) Plaintiffs and Amazon have also moved to seal various exhibits to their motions for class certification and summary judgment, respectively, because the documents allegedly contain proprietary business information that should not be available to the public. (D.N. 55; D.N. 58) The motion for joinder and motions to seal are unopposed.

## II.

**A.      Motion for Summary Judgment**

Summary judgment is required when the moving party shows, using evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* 56(c)(1). For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, the Court "need consider only the cited materials." Fed. R. Civ. P. 56(c)(3); *see Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). If the nonmoving party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the fact may be treated as undisputed. Fed. R. Civ. P. 56(e). To survive a motion for summary judgment, the nonmoving party must establish a genuine issue of material fact with respect to each element of each of her claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (noting that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial").

"When the PMWA 'substantially parallels' the FLSA, Pennsylvania and federal courts have used FLSA law for interpretative guidance because the statutes have similar purposes." *Espinoza v. Atlas R.R. Constr., LLC*, 657 F. App'x 101, 105 (3d Cir. 2016). "However, the courts look to the FLSA to construe and apply the PMWA only where the state and federal provisions are similar to each other or where there is a need to fill in a gap missing in the state law." *Id.*

Plaintiffs and Defendants agree that the state and federal definitions of compensable time are similar to each other. (*See* D.N. 59-1, PageID # 1690, 1703, 1706-07; D.N. 74, PageID # 1917-18, 1930) Indeed, the definitions are nearly identical. The PMWA requires employers to pay employees wages "for all hours worked." 43 Pa. Cons. Stat. § 333.104(a). Pennsylvania regulations define "hours worked" as "time during which an employee is required by the employer to be on the premises of the employer, to be on duty or to be at the prescribed work place." 34 Pa. Code § 231.1(b). The Supreme Court has defined the compensable "statutory workweek" under the FLSA as "all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed workplace." *Busk*, 135 S. Ct. at 516; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 690-91 (1946). Because the state and federal definitions are similar to each other, the Court will look to the FLSA to construe and apply the PMWA in this case. *See Espinoza*, 657 F. App'x at 105.

In *Busk*, the Supreme Court held that time spent undergoing and waiting to undergo security screenings was not compensable under the FLSA. 135 S. Ct. at 519. The *Busk* Court's decision rested upon its interpretation of the Portal-to-Portal Act, which amended the FLSA to exempt employers from liability for "activities which are preliminary to or postliminary to [the] principal activity or activities." 29 U.S.C. § 254(a)(2); *see Busk*, 135 S. Ct. at 517, 519. Because time spent undergoing security screenings was not a "principal activity," the Court reasoned that such time was not compensable under the FLSA. *See Busk*, 135 S. Ct. at 517, 519.

Plaintiffs argue that *Busk* has no bearing on this case because the Portal-to-Portal Act amendments do not apply to the PMWA.[1] (D.N. 74, PageID # 1916) In support, they cite *Bonds*

---

[1] Plaintiffs also assert that Defendants "do not even attempt to argue" that the Portal-to-Portal Act applies to their PMWA claims. (D.N. 74, PageID # 1905) But in Defendants' response to Plaintiffs' notice of supplemental authority, they urge the Court to look to the FLSA, as clarified

4

*v. GMS Mine Repair & Maintenance, Inc.* (*Id.*)  But in *Bonds*, the court merely observed that the Pennsylvania General Assembly had not adopted the Portal-to-Portal Act.  No. 2:13-cv-1217, 2015 WL 5602607, at *11 (W.D. Pa. Sept. 23, 2015).  Plaintiffs also cite *In re Cargill Meat Solutions Wage & Hour Litigation*, where the court noted, in the context of a preemption analysis, that the Portal-to-Portal Act did not "supplant the traditional power of the state to more generously regulate wage[s] and hours via [its] own state regulations."  632 F. Supp. 2d 368, 394 (M.D. Pa. 2008) (quoting *Chavez v. IBP, Inc.*, No. CV-01-5093-RHW, 2005 WL 6304840, at *36 (E.D. Wash. May 16, 2005)).  Thus, neither case supports Plaintiffs' argument that this Court is foreclosed from considering federal law, including the Portal-to-Portal Act amendments, in interpreting the PMWA.

The Portal-to-Portal Act *amended* the FLSA.  *Busk*, 135 S. Ct. at 515; *Vance v. Amazon.com, Inc.*, No. 3:14-md-2504, 2016 WL 1268296, at *3 (W.D. Ky. Mar. 31, 2016), *aff'd*, 852 F.3d 601 (6th Cir. 2017).  As this Court explained in *Vance*, those amendments are not separate and distinct from the FLSA.  *See* 2016 WL 1268296, at *3.  Rather, "[t]he Portal-to-Portal Act is simply a clarifying amendment that carves out 'preliminary [and] postliminary' activities from the aegis of compensable work."  *Id.*  "It does not alter the FLSA's construct or make substantive changes to the FLSA's concepts about work, overtime, or the like.  It simply clarifies that some activities do not count as 'work.'"  *Id.*

The Pennsylvania legislature need not have separately adopted the Portal-to-Portal Act in order for it to inform the Court's interpretation of the PMWA.  *Cf. Vance v. Amazon.com, Inc.*, 852 F.3d 601, 611 (6th Cir. 2017) (distinguishing between "an express, *affirmative departure*

---

by the Portal-to-Portal Act, in applying the PMWA. (*See* D.N. 83, PageID # 2322)  Moreover, in Defendants' most recent filing, they urge the Court to "follow federal jurisprudence that time spent passing through security is not 'hours worked'" because "the definitions of 'hours worked' under the FLSA and the PMWA are the same." (D.N. 85, PageID # 2351)

from the FLSA" and a "state legislature's failure to explicitly incorporate certain Portal-to-Portal Act terms"). The Pennsylvania legislature passed the PMWA in 1968, twenty-one years after Congress passed the Portal-to-Portal Act amending the FLSA. *See* 29 U.S.C. § 254; 43 Pa. Cons. Stat. § 333.102; *see also Vance*, 2016 WL 1268296, at 3. Thus, "[a]s long as [Pennsylvania] has had an FLSA analogue, there has been a federal Portal-to-Portal Act." *Vance*, 2016 WL 1268296, at 3. If the Pennsylvania legislature had intended to expose employers to liability foreclosed by the Portal-to-Portal Act, "one may reasonably assume it would have done so affirmatively." *Vance*, 852 F.3d at 612.

Following from the above discussion, the Court concludes that it is proper to consider the Portal-to-Portal Act amendments, and the Supreme Court's interpretation thereof, in construing and applying the PMWA.[2] The Supreme Court has held that post-shift security screenings are not compensable work under the FLSA as amended by the Portal-to-Portal Act. *See Busk*, 135 S. Ct. at 515, 517, 519. And the Court may rely on that law in order to interpret the PMWA here.[3] *See Espinoza*, 657 F. App'x at 105; *cf. Livi v. Hyatt Hotels Corp.*, No. 15-5371, 2017 WL 5128173, at *10 (E.D. Pa. Nov. 6, 2017) (citing *Bayada Nurses, Inc. v. Commonwealth, Dep't of Labor & Indus.*, 8 A.3d 866, 882 (Pa. 2010)) ("[T]he Pennsylvania Supreme Court's underlying assumption . . . is that when the federal and state exemptions parallel one another, the state exemption should be read in light of federal interpretation of the federal exemption."). The Court therefore finds that time spent undergoing or waiting to undergo security screenings is not

---

[2] In light of this conclusion, the Court finds it unnecessary to address Defendants' additional arguments regarding judicial estoppel, exertion, and the de minimis doctrine.
[3] Plaintiffs recently filed a supplemental brief informing the Court of an unpublished, Pennsylvania trial court case holding that *Busk* was inapplicable to their PMWA claims. (D.N. 84, PageID # 2334) Although the case is not binding, the Court has considered it and finds it unpersuasive. The Court further observes that the Pennsylvania Rules of Appellate Procedure do not allow federal district courts to certify questions to the Pennsylvania Supreme Court. *See* Pa. R. App. P. 3341(a).

compensable under the PMWA. As a result, Plaintiffs no longer have a viable claim under Pennsylvania law, and the Court will grant the defendants' motion for summary judgment.

**B.     Motions to Seal**

Plaintiffs have filed a motion to seal various exhibits to their motion for class certification. (D.N. 55) The exhibits include job descriptions, an attendance policy, photographs of the security-screening area, security-screening standards, a "post order" pertaining to the screening process, a physical-security policy for exit screening, and a security-screening audit form. (*Id.*) As grounds for their motion, Plaintiffs state that Amazon labeled these documents as confidential during discovery, which means that Amazon presumably believes the documents contain proprietary business information. (*Id.*) Amazon has filed its own motion to seal exhibits to its motion for summary judgment. (D.N. 58) These exhibits include the same job descriptions and photographs that were the subject of Plaintiffs' motion, as well as a map depicting portions of the facility. (*Id.*) In support of its motion, Amazon states that the documents were labeled confidential during discovery based on its good-faith belief that they contained or comprised proprietary information, the public disclosure of which could competitively disadvantage or be otherwise detrimental to Amazon.[4] (*Id.*)

By Order entered June 21, 2016, the Court sealed a rounding and grace-period policy, an attendance policy, photographs of the screening area, security-screening standards, a post order, a physical-security policy for exit screening, and a security-screening audit form. (D.N. 75; D.N.

---

[4] The Court again notes that both motions to seal are unopposed. But neither the law of the Sixth Circuit nor the rules of this Court permit sealing of court records based on an agreement between parties. *See* LR 5.7(c) ("Reference to a stipulation that allows a party to designate certain documents as confidential is not sufficient grounds to establish that a document, or portions thereof[,] warrants filing under seal."); *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 307 (6th Cir. 2016) ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.").

77) Thus, the attendance policy, photographs, security-screening standards, post order, physical-security policy, and audit form have previously been sealed. On July 27, 2016, however, the Sixth Circuit clarified the standard for sealing, explaining that sealing court records "should be done only if there is a 'compelling reason why certain documents or portions thereof should be sealed.'" *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Seals "must be narrowly tailored to serve that reason" and should "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 593-94 (quoting *Shane Grp., Inc.*, 825 F.3d at 305-06). Having reviewed the previously sealed records, as well as the records sought to be sealed in the current motions, the Court concludes that they likely should not remain sealed in light of the Sixth Circuit's decision in *Rudd*. The Court will therefore deny the motions to seal without prejudice and allow the parties fourteen days to submit renewed motions to seal explaining why sealing each document—including those previously sealed—is warranted. *See Shane Grp., Inc.*, 825 F.3d at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)) ("The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'"). The parties are advised that if they do not file renewed motions to seal, then the exhibits described above will be unsealed in the record of this matter.

## III.

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Defendant Integrity Staffing Solutions, Inc.'s motion for joinder (D.N. 61; MDL D.N. 168) is **GRANTED**.

(2) Defendants Amazon.com, Inc. and Amazon.com.DEDC, LLC's motion for summary judgment (D.N. 59; MDL D.N. 166) is **GRANTED**.

(3) Plaintiffs' motion for class certification (D.N. 56; MDL D.N. 163) is **DENIED** as moot.

(4) Plaintiffs' and Defendants' motions to seal (D.N. 55; MDL D.N. 162; D.N. 58; MDL D.N. 165) are **DENIED** without prejudice. The parties shall have **fourteen (14) days** from the date of entry of this Order to submit renewed motions to seal as set forth above.

(5) A separate judgment will be entered this date.

August 30, 2018

**David J. Hale, Judge**
**United States District Court**